**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**



| | | |
|---|---|---|
| **DENA YOUNG** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:20-cv-1052** |
| | § | |
| | § | |
| **AETNA LIFE INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF PLEADINGS, ANSWERS TO PLEADINGS,**
**PROCESS, AND ORDERS FROM STATE COURT ACTION**

The following is an index of the pleadings, process, and orders entered by the state court in as Cause No. 2020-02042; *Dena Young* v. *Aetna Life Insurance Company;* 80th Judicial District Court of Harris County, Texas:

**EXHIBIT A**

  **A-1**. Docket Sheet

  **A-2**. Plaintiff's Original Petition

  **A-3**. Executed Process with Affidavit of Service

  **A-4.** Defendant's Answer and Affirmative Defenses



Exhibit A-1

Harris County Docket Sheet

# 2020-02042

**COURT:** 080th
**FILED DATE:** 1/13/2020
**CASE TYPE:** Debt/Contract - Other



---

**YOUNG, DENA**

Attorney: WHITEHEAD, MARC STANLEY

**VS.**

**AETNA LIFE INSURANCE COMPANY**

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



1/13/2020 4:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39915722
By: Alize Herrera
Filed: 1/13/2020 4:26 PM

**Exhibit A-2**

No._____

| | | |
|---|---|---|
| DENA YOUNG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES DENA YOUNG, hereinafter referred to as "Plaintiff", and brings this action against AETNA LIFE INSURANCE COMPANY, hereinafter referred to as "Defendant."

2.      Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.      Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number GP-473323-GI for long term disability and waiver of premium.

## I. PARTIES

4.      Plaintiff is a citizen and resident of Harris County, Texas.

5.    Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

6.    This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.    The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.    Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective July 1, 2011.

9.    Plaintiff is a 61 year old woman previously employed as a "Teacher's Aide".

10.    Teacher's Aide is classified under the Dictionary of Occupational Titles as Light with an SVP of 3 and considered to be semi-skilled work.

11.    Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on January 22, 2016, as on this date Plaintiff suffered from congestive heart failure, pneumonia, and cirrhosis of the liver.

12.    Plaintiff alleges she became disabled on January 23, 2016.

2

13.     Plaintiff filed for short term disability benefits with Defendant.

14.     Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the Plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated March 20, 2019.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation"/"Any Occupation".

19.     If granted the Plan would pay monthly benefits of $1,300.00.

20.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of her own and any other occupation as defined by the Plan.

23.     On June 25, 2019, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

24.     Defendant also notified Plaintiff on June 25, 2019 that Plaintiff had exhausted her administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.     Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from non-alcohol-related cirrhosis of the liver; kidney disease (Stage III); diabetes mellitus; dilated congestive cardiomyopathy; dyslipidemia; coronary artery disease (CAD); and heart failure.

29.     Treating physicians document ongoing disability and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

4

33.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

34.     However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.     Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.     As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.     However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

### V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40.     On or about May 16, 2019, Defendant's paid consultant, Jillene Brathwaite, DO, endocrinology, diabetes, metabolism and internal medicine, performed a peer review of Plaintiff's claim file.

41.     Dr. Brathwaite's report is misleading, biased and result driven in that Dr. Brathwaite failed to review all relevant medical records, the report ignores or is contrary

to controlling medical authority.  The report fails to specify the medical standard upon which it relies.  The report is based on faulty or incorrect information.

42.     Further, Dr. Brathwaite failed to consider all the Plaintiff's illnesses.  Dr. Brathwaite failed to consider all the Plaintiff's illnesses in combination.  The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policy.

43.     On or about May 16, 2019, Defendant's paid consultant, Mark A. Sims, M.D., MBA, MHA, cardiovascular disease and internal medicine, performed a peer review of Plaintiff's claim file.

44.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Sims.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

45.     On or about June 11, 2019, Defendant's paid consultant, Enrique G. Molina, M.D., gastroenterology, internal medicine, and hepatology, performed a peer review of Plaintiff's claim file.

46.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Molina.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over

6

Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

47.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

48.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

49.     Defendant has failed to apply proper definition of disability

50.     Defendant has failed to consider the side effects of Plaintiff's medication.

51.     Defendant's consultants completed their reports without examining Plaintiff.

52.     On June 25, 2019, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

53.     Defendant also notified Plaintiff on June 25, 2019 that Plaintiff had exhausted her administrative benefits.

54.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

55.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

56.     Defendant's determination was influenced by its conflict of interest.

57.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

58.     The long term disability Plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

59.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60.     More information promotes accurate claims assessment.

61.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

62.     Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

63.     Plaintiff repeats and re-alleges paragraphs 1 through 62 of this Petition as if set forth herein.

64.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

65.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

66.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

67.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

68.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

69.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

70.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

71.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

72.     Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 71 of this Petition as if fully set forth herein.

73.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

9

(c)    Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(d)    Insurance Code Article § 541.061 by misrepresenting the Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)    Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)   Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)   Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)   Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i)   Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)   Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(k)   Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)   Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)   Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)   Defendant failed to credit Plaintiff's treating doctor's opinion;

11

(o)   Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(p)   Defendant's request for objective evidence was improper;

(q)   Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)   Defendant failed to consider the side effects of Plaintiff's medications;

(s)   Defendant has wrongfully relied on in house reviewer's opinions as substantial evidence;

(t)   Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)   Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)   Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)   Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(y)   Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

74.   Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

75.     Plaintiff repeats and realleges paragraphs 1 through 74 of this Petition as if set forth herein.

76.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

77.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

78.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)     By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician;

(e)    By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)    By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g)    By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)    By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

79.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

80.    The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

81.    Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

82.    Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

83.    Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

84.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for

its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

85.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 84 of this Petition as if fully set forth herein.

86.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth.   The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

87.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 86 of this Petition as if fully set forth herein.

88.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

89.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

90.    Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

91.    Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 90 of this Petition as if fully set forth herein.

92.    Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

93.    The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

94.    Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy.  TEX. CIV. PRACT. & REM. CODE § 37.001.

95.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled".

96.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.   Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein.   Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

97.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

98.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

99.    In accordance with Federal Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

17

100.   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

101.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.   These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

102.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

103.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

104.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

105.   Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

106.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

107.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

108.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

109.   Enter an award for such other relief as may be just and appropriate.


Dated: January 13, 2019


Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.


By:   /s/ Marc Whitehead
Marc S. Whitehead
    Tex. Bar No. 00785238
    Fed. I.D. Bar No. 15465
    marc@marcwhitehead.com
J. Anthony Vessel
    Tex. Bar. No. 24084019

Fed. I.D. No. 1692384
anthony@marcwhitehead.com
Britney Anne Heath McDonald
Tex. Bar. No. 24083158
Fed. I.D. Bar No. 2621983
britney@marcwhitehead.com
Madison Tate Donaldson
Tex. Bar No. 24105812
Fed. I.D. No. 3151467
madison@marcwhitehead.com
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
DENA YOUNG

3/5/2020 6:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41434084
By: Keeley Hodgins
Filed: 3/5/2020 6:47 PM



CAUSE NO.   202002042

RECEIPT NO.                        0.00        MTA
               **********           TR # 73713116

PLAINTIFF: YOUNG, DENA                          In The   80th
                vs.                             Judicial District Court
DEFENDANT: AETNA LIFE INSURANCE COMPANY         of Harris County, Texas
                                                80TH DISTRICT COURT
                                                Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: AETNA LIFE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION REQUEST FOR DISCLOSURE & JURY DEMAND</u>

This instrument was filed on the <u>13th day of January, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 14th day of January, 2020, under my hand and
seal of said Court.

<u>Issued at request of</u>:                   MARILYN BURGESS, District Clerk
WHITEHEAD, MARC STANLEY                        Harris County, Texas
403  HEIGHTS BOULEVARD                         201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 228-8888
<u>Bar No.</u>:  785238                         Generated By: HERRERA, ALIZE M  H3K//11416671

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                                               _____
                                               _____ of _____County, Texas

_____           By _____
            Affiant                                           Deputy

# 80th District Court of HARRIS County, Texas
201 CAROLINE, 9TH FLOOR HOUSTON TX 77002

## CASE #: 202002042

**DENA YOUNG**

*Plaintiff*
**vs**
**AETNA LIFE INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **TRACY JONES**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 02/27/20 8:57 am, instructing for same to be delivered upon AETNA
LIFE INSURANCE COMPANY BY DELIVERING TO ITS REGISTERED AGENT CT CORPORATION SYSTEM.

That I delivered to: AETNA LIFE INSURANCE COMPANY BY DELIVERING TO ITS REGISTERED
                     AGENT CT CORPORATION SYSTEM. By Delivering to Kim Hightower,
                     Intake Specialist

the following     : CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE
                     AND JURY DEMAND

at this address   : 1999 Bryan St Ste 900
                     Dallas, Dallas County, TX 75201

Manner of Delivery : By PERSONALLY delivering the document(s) to the person above.

Delivered on      : Tuesday MAR 3, 2020 1:47 pm

My name is TRACY JONES, my date of birth is JUL 15th, 1969, and my address is
Professional Civil Process Dallas, Inc., 2300 Valley View Ln, Ste 612, Irving TX
75062, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Dallas County, State of Texas, on the ___5th___ day of
___March___, 2020.

                                        _____
                                        TRACY JONES            2707   Declarant
                                        TX Certification#: PSC-14958 Exp. 05/31/2020

AX02A20205219
tomcat
eaffidavits@pcpusa.net

Service Fee:  75.00   PCP Inv#: D20200358
Witness Fee:   .00    SO  Inv#: A20205219
Mileage Fee:   .00
Whitehead, Marc

**E-FILE RETURN**

3/23/2020 3:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41862042
By: ALEX CASARES
Filed: 3/23/2020 3:09 PM

Exhibit A-4

CAUSE NO. 2020-02042

| | | |
|---|---|---|
| DENA YOUNG | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | 80th JUDICIAL DISTRICT |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Aetna Life Insurance Company ("Defendant") files this its Original Answer to Plaintiff's Original Petition, and respectfully shows as follows.

## I.   <u>GENERAL DENIAL</u>

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every, all and singular, the allegations in the Petition, as well as any other amended or supplemental petition filed thereafter, and demands strict proof thereof.

## II.   <u>AFFIRMATIVE DEFENSES</u>

Subject to the foregoing, Defendant pleads, in addition thereto, the following affirmative defenses:

1.      Plaintiff failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred for failure to comply with the terms and conditions of the subject insurance policy and plan documents.

3.      Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant has discharged its obligations to Plaintiff.

4.      Plaintiff's claims are barred by virtue of the applicable statute of limitations.

5.      Plaintiff's claims are barred by virtue of the contractual limitations period contained within the Policy.

6.      Plaintiff's claims are barred by the doctrine of laches.

7.      Plaintiff's claims are barred by the doctrine of estoppel.

8.      Any decision made by Defendant regarding Plaintiff's claim for benefits was not an abuse of discretion.

9.      Any decision made by Defendant regarding Plaintiff's claim for benefits was not arbitrary and capricious.

10.     Defendant's interpretation of the terms of the plan documents was reasonable and its claim determination was supported by substantial evidence.

11.     Any benefit determination made by Defendant with respect to Plaintiff's claim for benefits was proper and correct under the terms of the Policy.

12.     Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

13.     Alternatively, Plaintiff's damages, if any, were caused, in whole or in part, by her own acts or omissions.

14.     Alternatively, Plaintiff's damages, if any, were caused in whole or part by prior or subsequent acts not attributable to Defendant.

15.     Additionally, and in the alternative, Defendant assert that Plaintiff's damages, if any, were solely caused by the acts or omissions of third parties over whom the Defendant had no control or right of control, and for whom Defendant is not responsible at law. To the extent that Plaintiff suffered any injuries or damages as a result of such parties, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon. Defendant asks the jury to determine the percentage

of responsibility of each person or entity, whether or not joined in this lawsuit, for the injuries and damages about which Plaintiff complains.

16.     Under the terms and conditions of the subject group insurance policy and plan documents, Defendant is entitled to recoup and/or collect offsets for other income or benefits, as defined by the applicable group policy or plan documents, received by Plaintiff in connection with any alleged disability, including, but not limited to, social security disability payments, workers' compensation payments and payments received under other disability insurance policies.

17.     Defendant asserts that it is entitled to recover the overpayment of benefits paid without the credit for Social Security Disability Benefits in accordance with the policy and the assignment of benefits.

18.     In the unlikely event the Court determines that Defendant materially erred in administering Plaintiff's claims for benefits under the terms of the plan and subject group policy or applicable law, which is denied, then the Court should remand the claim to Defendant for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

19.     Additionally, Defendant asserts that Plaintiff's action is frivolous, unreasonable and without foundation and, as such, Defendant is entitled to recover its attorneys' fees.

20.     Additionally and alternatively, any award of damages to Plaintiff for punitive or other exemplary damages is subject to statutory caps under the Texas Civil Practice and Remedies Code.  *See*, *e.g.*, Tex. Civ. Prac. Rem. Code §41.008.

21.     Defendant reserves its right to amend its Answer and Affirmative Defenses as may be applicable during the course of this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna Life Insurance Company prays that upon trial of this matter, Plaintiff Dena Young take nothing by this suit, and that Defendant recover its costs and receive any such further relief to which it may show itself justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By:     */s/ Linda P. Wills*
        Linda P. Wills
        State Bar No. 21661400
        Ved Chitale
        State Bar No. 24099613
        909 Fannin St., Suite 3300
        Houston, Texas 77010
        Telephone:  (713) 353-2000
        Facsimile:  (713) 785-7780
        linda.wills@wilsonelser.com
        ved.chitale@wilsonelser.com
        **ATTORNEYS FOR DEFENDANT**
        **AETNA LIFE INSURANCE COMPANY**

-4-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Texas Rules of Civil Procedure on this the 23rd day of March, 2020.

*<u>Via e-service</u>*
Marc S. Whitehead
J. Anthony Vessel
Britney Anne Heath McDonald
Madison Tate Donaldson
**MARC WHITEHEAD & ASSOCIATES,**
**ATTORNEYS AT LAW, LLP**
403 Heights Blvd.
Houston, Texas 77007-2519

*/s/ Linda P. Wills*
**Linda P. Wills**